United States District Court
Southern District of Texas
**ENTERED**
November 04, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| DONALD WASHINGTON III, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00205 |
| | § | |
| NAVY FEDERAL CREDIT UNION, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Plaintiff Donald Washington III has filed a motion for contempt of court and for sanctions as well as a supplement to that motion. *See* Dkts. 61 and 62. In a nutshell, Washington complains that Defendant Navy Federal Credit Union failed to timely produce an October 31, 2025 recorded call and then produced the call in edited form, removing the materially relevant portions of the call. Washington asks that sanctions be imposed on Navy Federal.

Navy Federal has filed an opposition to Washington's motion. *See* Dkt. 70. Navy Federal notes that this court ordered Navy Federal to locate and submit by October 2, 2026, an October 31, 2025 recorded call between Washington and a Navy Federal representative. Navy Federal located and provided an October 31, 2025 recorded call to Washington by the court-imposed deadline. After Washington complained that he was interested in a different recorded call from October 31, 2025, Navy Federal conducted a search and produced to Washington on October 13, 2026, an additional October 31, 2025 recording. Washington acknowledges that he now has in his possession the recording that he originally sought. As for Washington's claim that the October 31, 2025 recording he has been provided has been manipulated to delete certain portions, Navy Federal insists that is not true. It has produced the affidavit of it counsel, who states that "[e]ach recording was sent to Plaintiff in the same form in which my office received it from

Navy Federal. Neither I nor any member of my staff edited, clipped, trimmed, converted, or otherwise altered either recording in any way." *Id.* at 8.

"I am a firm believer that sanctions should rarely be imposed." *Luong v. Kroger Tex. L.P.*, No. 3:19-cv-00194, 2020 WL 6060923, at *1 (S.D. Tex. Oct. 14, 2020). For sanctions to be warranted, "[t]he conduct must be beyond the pale." *Total Safety U.S., Inc. v. Code Red Safety & Rental, LLC*, No. 4:19-cv-03836, 2021 WL 805554, at *2 (S.D. Tex. Mar. 3, 2021). There is absolutely no basis for the imposition of sanctions in this matter. Navy Federal has complied with my order by providing a recording of the October 31, 2025 phone conversation between Washington and one of its representatives. There is zero evidence in the record to support Washington's claim that the recording has been altered. Washington's motion for contempt of court and for sanctions (Dkt. 61) is denied.

SIGNED this 4th day of November 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE